The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Luis Fabian Torres VAZQUEZ, Defendant–Appellee.

No. 04SA199.

Supreme Court of Colorado, En Banc.

Feb. 22, 2005.

Mark D. Hurlbert, District Attorney, Elizabeth A. Oldham, Deputy District Attorney, Breckenridge, for Plaintiff–Appellant.

Fahrenholtz & Carey, James E. Fahrenholtz, Bruce C. Carey, Avon, for Defendant–Appellee.

PER CURIAM.

The People filed an interlocutory appeal with this court on August 30, 2003, challenging the trial court's suppression of defendant Luis Fabian Torres Vazquez' verbal and nonverbal statements to a police officer. The trial court partially granted the defendant's Motion to Suppress after an evidentiary hearing, finding that the encounter between the defendant and the police officer constituted custodial interrogation with no prior advisements.

This court issued an Order of Remand on November 23, 2004, directing the trial court to make specific findings of fact and to indicate the historical facts upon which it relied in reaching its conclusion. On December 10, 2004, the trial court entered its responsive order, which was then filed in this court on December 15, 2004.

The court invited either party to file written responses to the trial court's order. Neither party filed anything; in particular, the People filed nothing in opposition to the order.

The matter is, thus, before us on the original interlocutory appeal, challenging the trial court suppression. On the basis of the amplified findings of fact contained in the trial court's order, we affirm.

The trial court found that a male juvenile approached a police car on December 1, 2001 and told the officer in the car that he was afraid because a man on a bus had attempted to touch him inappropriately. The officer stopped the bus on which defendant Vazquez was a passenger; and upon identification by the juvenile, the officer contacted the defendant and asked him to leave the bus. Once he was off the bus, the officer made the defendant kneel, pushing him down and continuously keeping his hand on his gun while he asked the defendant, "Did you ask him to see it," and "Did you ask to touch it?" The

trial court expressly found that the officer's behavior was threatening and that the defendant was afraid.

Although there was conflict between the testimony of the officers and the defendant about the tone of questioning, the use of physical force, and the involvement of an officer's gun; and although the trial court initially expressed concern about the defendant's credibility, on remand it made clear that it found the defendant's testimony to represent what had actually occurred, as a matter of fact. Based on those findings of fact, it concluded that the encounter was custodial, entitling the defendant to *Miranda* warnings.

On appeal the People challenge the defendant's credibility, asserting that the trial court should have believed the testimony of the officers and that the defendant's statements were in fact voluntary. Credibility is a matter for the trier of fact, and its findings will not be set aside unless they are clearly erroneous or not supported by the record. *See People v. Miranda–Olivas*, 41 P.3d 658, 661 (Colo.2001). The trial court's findings were clearly supported by the defendant's testimony, and the trial court's decision to rely on that testimony in the absence of express rebuttal was not clearly erroneous. Furthermore, the trial court did not make any findings as to whether the statements were voluntary or involuntary.

Accordingly, we remand the case to the trial court for further proceedings.